1 | Michael Rapkine (#222811)
      mrapkine@afrct.com
2 | D. Dennis La (#237927)
      dla@afrct.com
3 | ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4 | 301 North Lake Avenue, Suite 1100
    Pasadena, California 91101-4158
5 | Tel: (626) 535-1900 | Fax: (626) 577-7764

6 | Attorneys for Defendant
    WELLS FARGO BANK, N.A., successor by merger
7 | with Wells Fargo Bank Southwest, N.A., f/k/a
    Wachovia Mortgage, FSB and World Savings Bank,
8 | FSB (erroneously sued as "Wells Fargo Home
    Mortgage") ("Wells Fargo")

9 |

10 |                 UNITED STATES DISTRICT COURT

11 |               EASTERN DISTRICT OF CALIFORNIA

12 |

13 | Suzanne Brown,                    CASE NO.: 2:19-CV-00260-MCE-KJN

14 |              Plaintiff,           [The Hon. Kendall J. Newman]

15 |       v.                          **REPLY IN SUPPORT OF DEFENDANT
                                       WELLS FARGO'S MOTION TO DISMISS
16 | Wells Fargo Home Mortgage, Does 1 – 100,   THE COMPLAINT**
     inclusive,
17 |                                   [*Hearing Date Vacated By The Court*]
18 |              Defendants.

19 |

20 |

21 |

22 |         Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank

23 | Southwest, N.A., formerly known as Wachovia Mortgage, FSB and World Savings Bank, FSB,

24 | erroneously sued as "Wells Fargo Home Mortgage" (hereinafter, "Wells Fargo") submits this reply

25 | brief in support of the pending motion to dismiss each claim in the complaint. (Doc. 4.)

26 |

27 |

28 |

*(sidebar, left margin)* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

1.   INTRODUCTION...............................................................................................1

2.   PLAINTIFF APPEARS TO CONCEDE THE INFIRMITY OF MANY OF HER
     CLAIMS..........................................................................................................1

3.   AS WITH THE REST OF THE COMPLAINT, THE FRAUD AND
     CONCEALMENT CLAIMS ARE RIDDLED WITH INCURABLE DEFECTS .................3

4.   PLAINTIFF FAILS TO PROVIDE ANY AUTHORITY OR ANALYSIS THAT
     WOULD SALVAGE THE IMPLIED COVENANT CLAIM ...................................5

5.   THE UCL CLAIM IS CONCLUSORY AND MERITLESS ....................................5

6.   LACK OF TENDER IS A DEATH KNELL TO THE QUIET TITLE CLAIM ...................7

7.   CONCLUSION .................................................................................................8

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anaya v. Advisors Lending Group,*
 2009 U.S. Dist. LEXIS 68373 (E.D. Cal. Aug. 5, 2009) ................................8

*Astiana v. Hain Celestial Group, Inc.,*
 783 F.3d 753 (9th Cir. 2015) ................................................................2

*Berkeley v. Wells Fargo Bank,*
 2015 U.S. Dist. LEXIS 141947 (N.D. Cal. Oct. 19, 2015) ..........................5

*Comet Theater Enterprises, Inc. v. Cartwright,*
 195 F.2d 80 (9th Cir. 1952) ................................................................2

*Cornejo v. Ocwen Loan Servicing, LLC,*
 151 F. Supp. 3d 1102 (E.D. Cal. Dec. 21, 2015) ..................................2

*DeLeon v. Wells Fargo Bank, N.A.,*
 2011 U.S. Dist. LEXIS 8296 (N.D. Cal. Jan. 28, 2011) ..........................6

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.,*
 100 F. Supp. 2d 1086 (C.D. Cal. Sept. 15, 1999) ..................................4

*Greene v. Wells Fargo Bank, N.A.,*
 2015 U.S. Dist. LEXIS 168932 (N.D. Cal. Nov. 30, 2015) ......................6

*Hall v. Mortg. Inv'rs Grp.,*
 2011 U.S. Dist. LEXIS 105999 (E.D. Cal. Sep. 16, 2011) ......................1

*Lou v. JPMorgan Chase Bank, N.A.,*
 2018 U.S. Dist. LEXIS 31871 (N.D. Cal. Feb. 26, 2018) ........................1

*Madenlian v. Flax USA Inc.,*
 2014 U.S. Dist. LEXIS 181473 (C.D. Cal. Mar. 31, 2014) ......................4

*Ortiz v. Wells Fargo Bank, N.A.,*
 2011 U.S. Dist. LEXIS 58243 (N.D. Cal. May 27, 2011) ........................2

*Pazagard v. Wells Fargo Bank, N.A.,*
 2011 U.S. Dist. LEXIS 94850 (C.D. Cal. Aug. 23, 2011) ......................2

*Qureshi v. Countrywide Home Loans, Inc.,*
 2010 U.S. Dist. LEXIS 21843 (N.D. Cal. Mar. 10, 2010) ......................6

*Rockridge Trust v. Wells Fargo, N.A.,*
 2014 U.S. Dist. LEXIS 22234 (N.D. Cal. Feb. 19, 2014) ......................2

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Rubio v. Capital One Bank*,
    613 F.3d 1195 (9th Cir. 2010) ........................................................................6

*Slipak v. Bank of Am., N.A.*,
    2011 U.S. Dist. LEXIS 131079 (E.D. Cal. Nov. 10, 2011) ...........................5

*Tamburri v. Suntrust Mortg., Inc.*,
    2013 U.S. Dist. LEXIS 121220 (N.D. Cal. Aug. 26, 2013) ...........................6

*Williams v. Wells Fargo Bank, N.A.*,
    2014 U.S. Dist. LEXIS 17215 (C.D. Cal. Jan 27, 2014) ................................2

**STATE CASES**

*Aguilar v. Bocci*,
    39 Cal. App. 3d 475 (1974) ............................................................................7

*Cadlo v. Owens-Illinois, Inc.*,
    125 Cal. App. 4th 513 (2004) .........................................................................4

*Conrad v. Bank of America*,
    45 Cal. App. 4th 133 (1996) ...........................................................................4

*Gaffney v. Downey Sav. & Loan Ass'n*,
    200 Cal. App. 3d 1154 (1988) ........................................................................8

*Gavina v. Smith*,
    25 Cal. 2d 501 (1944) .....................................................................................7

*Karlsen v. American Sav. & Loan Ass'n*,
    15 Cal. App. 3d 112 (1971) ............................................................................7

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ..................................................................................6

*Nguyen v. Calhoun*,
    105 Cal. App. 4th 428 (2003) .........................................................................8

*Racine & Laramie, Ltd. v. Dept. of Parks & Rec.*,
    11 Cal. App. 4th 1026 (1992) .........................................................................5

*Rubin v. Green*,
    4 Cal. 4th 1187 (1993) ....................................................................................4

*Shell Oil Co. v. Richter*,
    52 Cal. App. 2d 164 (1942) ............................................................................2

*Shimpones v. Stickney*,
    219 Cal. 637 (1934) ........................................................................................7

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

iii

*Sipe v. McKenna,*
    88 Cal. App. 2d 1001 (1948)..............................................................................7

*Wilhelm v. Pray, Price, Williams & Russell,*
    186 Cal. App. 3d 1324 (1986)..........................................................................4

*Wolf v. Walt Disney Pictures & Television,*
    162 Cal. App. 4th 1107 (2008)........................................................................5

**STATE STATUTES**

Cal. Civ. Code § 47(b) ......................................................................................4

Cal. Civ. Code § 2923.7 .................................................................................1, 2

**RULES**

Fed. R. Civ. P. 9(b)........................................................................................4, 6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1. **INTRODUCTION**

This action arises from a $492,000 secured loan that plaintiff obtained from Wells Fargo's predecessor-in-interest in 2007.  Despite receiving a loan modification in 2009, plaintiff ceased making her mortgage payments in mid-2014.  In response, Wells Fargo commenced a foreclosure in 2017. (RJN, Exh. G [Doc. 4-3].)  In 2018, plaintiff conveyed a fractional interest in the property to non-borrower Sierra Muniz, and three bankruptcies were subsequently filed in an attempt to stave off foreclosure proceedings. (RJN, Exhs. J, K, N & O.)

On October 11, 2018, Wells Fargo obtained an order granting its motion for *in rem* relief from the automatic stay. (RJN, Exhs. K-M.)  A trustee's sale was finally held on January 3, 2019, with the subject property being acquired by a third party purchaser. (RJN, Exh. I.)

This lawsuit now follows, with plaintiff asserting a slew of claims arising from Wells Fargo's purported misconduct in "fraudulently" obtaining *in rem* relief.  In response to the pending motion to dismiss (Doc. 4), plaintiff's opposition fails to provide meaningful authority or analysis that would salvage any claim.  For the reasons briefed in the motion and expounded on below, Wells Fargo respectfully submits that each claim in the amended complaint should be dismissed with prejudice.

2. **PLAINTIFF APPEARS TO CONCEDE THE INFIRMITY OF MANY OF HER CLAIMS**

Wells Fargo's pending motion attacks the sufficiency of all nine claims in the complaint on numerous grounds.  In response, the opposition only addresses plaintiff's claims for fraud, concealment, breach of the implied covenant, unfair business practices and quiet title. (Doc. 6.)  By failing to address the bank's defenses as to the remaining claims, plaintiff essentially abandons those claims. See e.g., *Lou v. JPMorgan Chase Bank, N.A.*, 2018 U.S. Dist. LEXIS 31871, *6 (N.D. Cal. Feb. 26, 2018) ("Courts have found that a failure to oppose an argument serves as a concession."); *Hall v. Mortg. Inv'rs Grp.*, 2011 U.S. Dist. LEXIS 105999, *15-16 (E.D. Cal. Sep. 16, 2011) (plaintiff's failure to oppose motion to dismiss based on statute of limitations defense "serves as a concession that his claim is time-barred.").

Equally important, plaintiff is incapable of amending the complaint to salvage the claims she failed to address in her opposition.  Within the first claim, plaintiff alleges in conclusory fashion that Wells Fargo violated Civil Code § 2923.7 by failing to provide her with a legitimate "single point of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    contact." (Comp. ¶¶ 11-12.)  As outlined in the pending motion to dismiss, this claim suffers from

2    several fatal flaws.  Among other things, plaintiff cannot articulate a "material" statutory violation; in

3    other words, a situation in which the loan servicer's misconduct "affected [the] plaintiff's loan

4    obligations or the modification [review] process." *Cornejo v. Ocwen Loan Servicing, LLC*, 151 F.

5    Supp. 3d 1102, 1113 (E.D. Cal. Dec. 21, 2015); see also, *Rockridge Trust v. Wells Fargo, N.A.*, 2014

6    U.S. Dist. LEXIS 22234, *78-79 (N.D. Cal. Feb. 19, 2014) ("In order to properly allege a claim under

7    [Civil Code] section 2923.7, a plaintiff must allege that a violation of the provision was the cause of

8    actual economic damages.").  In the present case, there is not the slightest indication that plaintiff

9    should have qualified for another loan modification or foreclosure prevention alternative.

10        Moving to the fifth claim, an unjust enrichment theory is simply a request for restitution rather

11   than an independent cause of action. *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir.

12   2015); see also, *Ortiz v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 58243, *15-16 (N.D. Cal.

13   May 27, 2011) ("California law does not recognize a separate claim for 'unjust enrichment.'").

14   Moreover, there is no equitable reason for invoking restitution when the plaintiff received the

15   exchange they expected. *Comet Theater Enterprises, Inc. v. Cartwright*, 195 F.2d 80, 83 (9th Cir.

16   1952).  Here, plaintiff received "the benefit of the bargain" when obtaining loan proceeds in 2007.

17   Plaintiff also received a modification and lived "rent free" in the property for many years (July 2014

18   through January 2019), so any argument concerning unjust enrichment defies logic.

19        The "claim" for injunctive relief fares no better.  As with unjust enrichment, injunctive relief is

20   a remedy rather than a distinct cause of action. *Shell Oil Co. v. Richter,* 52 Cal. App. 2d 164, 168

21   (1942).  Not to mention that the property was acquired by MTGLQ Investors, LP at the trustee's sale

22   in January 2019, so there is no activity of Wells Fargo to enjoin at this point. (RJN, Exh. I [Trustee's

23   Deed Upon Sale].)

24        Finally, an accounting claim fails due to the absence of a fiduciary duty or some other type of

25   "special relationship" between the parties. *Williams v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist.

26   LEXIS 17215, *27-28 (C.D. Cal. Jan 27, 2014).  Also, a plaintiff may only assert an accounting claim

27   if she is owed a definite sum of money. *Pazagard v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS

28   94850, *15 (C.D. Cal. Aug. 23, 2011) ("[B]ecause it is Plaintiffs who still owe money to Defendant,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  and not the other way around, Plaintiffs cannot properly bring a claim for an accounting.").  Here,

2  plaintiff borrowed $492,000 and this sum grew due to the loan default and lengthy delinquency. (RJN,

3  Exhs. A, G & H.)  At the time of the trustee's sale, plaintiff's secured debt to Wells Fargo stood at

4  $680,170.34. (RJN, Exh. I at p.1.)  In other words, there cannot be any reasoned contention that Wells

5  Fargo owes money to plaintiff.

6       Accordingly, the above claims should be dismissed with prejudice, due to the reasons

7  articulated by Wells Fargo and plaintiff's failure to oppose these defenses.

8  **3.  AS WITH THE REST OF THE COMPLAINT, THE FRAUD AND**

9  **CONCEALMENT CLAIMS ARE RIDDLED WITH INCURABLE DEFECTS**

10       Within the second claim, plaintiff alleges that Wells Fargo engaged in fraud by filing its

11  motion for relief from the automatic stay on September 21, 2018, and "fail[ing] to submit that the case

12  against which they were filing, Bankruptcy Case No. 18-41993, had been dismissed by the court nine

13  days earlier." (Comp. ¶ 18.)  Plaintiff argues that Wells Fargo prevailed on its motion by

14  misrepresenting to the bankruptcy court that the bankruptcy was still pending. (Comp. ¶ 20.)

15       Similarly, the third claim for concealment is predicated on the confusing theory that

16  "Defendant intended to deceive Plaintiff by concealing the filing after the Bankruptcy Case had been

17  dismissed." (Comp. ¶ 24.)  Both claims suffer from numerous shortcomings.

18       As a preliminary matter, the bankruptcy in question (Bankr. Case No. 18-41993, filed by

19  Sierra Muniz) remained open until October 18, 2018, as reflected in the docket. (RJN, Exh. K.)  Thus,

20  Wells Fargo's motion for relief that was filed in September 2018 was properly heard on October 10,

21  2018.[1] (RJN, Exh. K at p.4.)  The following day, the bankruptcy court granted Wells' motion.  Put

22  simply, there was no "misrepresentation" or "concealment" of any fact by Wells Fargo.  Plaintiff

23  insists in her opposition that "[t]he U.S. Bankruptcy Court lacked jurisdiction to issue any order"

24  (Opp. at 5:10); [2] however, she cannot support this conclusion with authority.

25

26  [1]  It is also incredulous that the bankruptcy court would hear the bank's motion if the Chapter 13 case was terminated.

27  [2]  Plaintiff's opposition does not contain line numbers in the left margin.  To aid the Court, defense

28  counsel has counted the lines from plaintiff's opposition, and therefore this reply brief contains page and line references to relevant statements within the opposition.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Furthermore, fraud allegations are subject to a higher pleading standard under Rule 9(b). *Glen*

2    *Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. Sept. 15,

3    1999).  Every element within a fraud claim must be alleged in full, factually and specifically. *Wilhelm*

4    *v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1332 (1986).

5    Here, the pleadings do not identify a single individual who made a misrepresentation or

6    concealed a fact.  Nor does the complaint even indicate the job title of a Wells Fargo representative

7    complicit in the supposed fraud, or whether the representations were verbal or written.  The barebones

8    nature of the complaint serves as a bar to the fraud-based claims.

9    Plaintiff responds by arguing that the underlying loan contract and Wells Fargo's actions

10   during the bankruptcy are sufficient to satisfy Rule 9(b)'s heightened pleading standard. (Opp. at 5:3-

11   21.)  The opposition states that Wells Fargo's attorneys made various misrepresentations, and

12   "[s]hould this case be heard in court, Plaintiff will produce the [bankruptcy] court transcript where the

13   misrepresentations and lies may be heard." (Opp. at 5:20-21.)

14   Putting aside the fact that there was no misrepresentation or concealment, any statement that

15   may have been made in connection with Wells Fargo's actions to secure relief from stay would be

16   barred by the litigation privilege. "For well over a century, communications with 'some relation' to

17   judicial proceedings have been absolutely immune from tort liability by the privilege codified [in

18   Civil Code] section 47(b)." *Rubin v. Green*, 4 Cal. 4th 1187, 1193 (1993) (citations omitted).

19   The complaint is also devoid of facts concerning scienter or plaintiff's reasonable reliance.

20   *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004) ("[T]he mere assertion of 'reliance'

21   is insufficient. The plaintiff must allege the specifics of his or her reliance on the misrepresentation to

22   show a bona fide claim of actual reliance.")  Even if Wells Fargo's obtained relief from stay through

23   deceit or concealment, two more bankruptcies were filed by plaintiff and Ms. Muniz in an effort to

24   stave off a trustee's sale. (RJN, Exhs. N & O.)

25   Finally, a fraud claim requires actual damages. *Conrad v. Bank of America*, 45 Cal. App. 4th

26   133, 159 (1996).  As detailed in the motion, the complaint does not articulate a causal nexus between

27   Wells Fargo's purported misconduct and concrete damages sustained by plaintiff. *Madenlian v. Flax*

28   *USA Inc.*, 2014 U.S. Dist. LEXIS 181473, *4 (C.D. Cal. Mar. 31, 2014) ("under Fed. R. Civ. P. 9(b), a

1   plaintiff must plead each element of a fraud claim with particularity.")

2       **4.**    **PLAINTIFF FAILS TO PROVIDE ANY AUTHORITY OR ANALYSIS**

3       **THAT WOULD SALVAGE THE IMPLIED COVENANT CLAIM**

4       The implied covenant claim is likewise incapable of amendment. (Comp. ¶¶ 25-29.)  Contrary

5   to the theory in the complaint, there is nothing in the loan contract that places any limitation on Wells

6   Fargo's rights when filing a motion for relief in bankruptcy court. *Racine & Laramie, Ltd. v. Dept. of*

7   *Parks & Rec.*, 11 Cal. App. 4th 1026, 1034 (1992) (the implied covenant is limited to assuring

8   compliance with the *express terms* of a contract, and it cannot be extended to create obligations not

9   contemplated by the contract).

10       Plaintiff's opposition reiterates that Wells Fargo "breached [its] duty of good faith by

11   fraudulently filing the in rem motion[]" (Opp. at 7:10-11), yet plaintiff cannot point to any provision

12   in the loan contract that was violated by her former lender.  Indeed, an implied provision that Wells

13   Fargo could not avail itself of various methods to enforce its security interest would directly

14   undermine the express terms of the trust deed. *Wolf v. Walt Disney Pictures & Television*, 162 Cal.

15   App. 4th 1107, 1120 (2008) (the implied covenant "is read into contracts in order to protect the

16   express covenants or promises of the contract, not to protect some general public policy interest not

17   directly tied to the contract's purpose.")

18       It should be added that plaintiff's failure to perform under the loan contract is a bar to her

19   implied covenant claim. *Berkeley v. Wells Fargo Bank*, 2015 U.S. Dist. LEXIS 141947, *13 (N.D.

20   Cal. Oct. 19, 2015) ("The first two causes of action – breach of the covenant of good faith and fair

21   dealing and breach of contract – both require that Plaintiff plead her own performance under the

22   contract.").  Because plaintiff ceased making mortgage payments in 2014, she cannot maintain a

23   contract-based claim against Wells Fargo.

24       **5.**    **THE UCL CLAIM IS CONCLUSORY AND MERITLESS**

25       The UCL claim is entirely derivative in nature, incorporating plaintiff's previous allegations

26   by reference. (Comp. ¶¶ 33-36.)  Because the UCL claim rests on prior claims that are defective, it

27   falls by the wayside. *Slipak v. Bank of Am., N.A.*, 2011 U.S. Dist. LEXIS 131079, *11-12 (E.D. Cal.

28   Nov. 10, 2011) (dismissing cause of action under the UCL because it was "premised upon the same

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    acts alleged in the other claims in his complaint, all of which fail to state a claim.")

2          In addition, a UCL claim must be pled with particularity. *Korea Supply Co. v. Lockheed*

3    *Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003); see also, *Qureshi v. Countrywide Home Loans, Inc.,*

4    2010 U.S. Dist. LEXIS 21843, *20 (N.D. Cal. Mar. 10, 2010) (UCL claims are subject to the

5    heightened pleading requirements of Rule 9(b)).  Again, not only does plaintiff fail to cogently

6    articulate a misrepresentation; any statement that may have been made during the bankruptcy is

7    protected by the litigation privilege.

8          The plaintiff also lacks UCL standing because she has not lost money or property as a result of

9    the purportedly unfair business practices. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203–1204 (9th

10   Cir. 2010) (there must be a "causal connection" between the unfair practice and plaintiffs' injury in

11   fact).  Wells Fargo's motion explains that in the context of foreclosure-related matters, "a plaintiff

12   cannot allege the threshold standing requirement of causation when the plaintiff was already in default

13   before the alleged misconduct was committed." *Greene v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist.

14   LEXIS 168932, *6-7 (N.D. Cal. Nov. 30, 2015); see also, *Tamburri v. Suntrust Mortg., Inc.*, 2013

15   U.S. Dist. LEXIS 121220, *27 (N.D. Cal. Aug. 26, 2013) ("Plaintiff cannot assert that her alleged

16   economic injury was 'caused by' Defendants' acts, because the asserted wrongful actions occurred

17   after Plaintiff's default on her loan."); *DeLeon v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS

18   8296, *21 (N.D. Cal. Jan. 28, 2011) (same).

19         The facts here compel the same result.  Plaintiff defaulted on the loan in 2014 due to her

20   financial struggles.  The loan was well over four years in arrears at the time of the alleged unfair

21   business practice – Wells Fargo's supposed act of filing an improper bankruptcy motion in September

22   2018.  Given this reality, the causal nexus between the bank's purported misconduct and harm

23   sustained by plaintiff is far too attenuated.  Plaintiff lost the property due to her continued inability to

24   make loan payments, not because Wells Fargo obtained an *in rem* order through an alleged

25   manipulation of the Bankruptcy Code.

26         Rather than addressing the above defenses, the opposition simply recites blackletter law on the

27   elements of a UCL claim. (Opp. at 7:14 – 8:20.)  Plaintiff adds in conclusory fashion that a viable

28   claim exists because Wells Fargo "committed fraud and concealment" and filed a bankruptcy motion

Anglin Flewelling Rasmussen Campbell & Trytten llp

CASE NO.: 2:19-CV-00260-MCE-KJN
MEMO OF POINTS AND AUTHORITIES

1   that contained mistruths. (Opp. at 8:21-24.)  As detailed in the pending motion and this reply brief,

2   plaintiff's legal conclusions are misplaced and woefully insufficient to support a claim.

3   **6.   LACK OF TENDER IS A DEATH KNELL TO THE QUIET TITLE CLAIM**

4   The basis for the quiet title claim is plaintiff's contention that: "Defendants had no right to title

5   or interest in the Property and no right to entertain any rights of ownership including the right to

6   foreclosure, offering the Property for sale at a trustee's sale." (Comp. ¶ 39.)  As addressed in the

7   motion to dismiss, this equitable claim is incapable of amendment.

8   As a preliminary matter, plaintiff acknowledges within her opposition that Wells Fargo

9   possessed a rightful beneficial interest under the subject deed of trust, as successor-in-interest to

10   plaintiff's original lender, World Savings Bank, FSB. (Opp. at 9:8-9: "[Plaintiff] does not dispute

11   defendant's succession in its role as the lender.").  Plaintiff goes on to clarify that her request for a

12   quiet title determination shall serve "as a remedy to the fraudulent and malicious actions of [Wells

13   Fargo] as described in [the] complaint." (Opp. at 9:7-8.)  Once again, plaintiff's theory concerning

14   bank misconduct during Ms. Muniz's bankruptcy is entirely without merit.

15   Equally important, "[i]t is settled in California that a mortgagor cannot quiet his title against

16   the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); see

17   also, *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974) (trustor is unable to quiet title "without

18   discharging his debt"); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) (same); *Gavina v. Smith*,

19   25 Cal. 2d 501, 505–506 (1944) (same).  The reasoning is that allowing a borrower to obtain property

20   without a full tender "would give them an inequitable windfall, allowing them to evade their lawful

21   debt." *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971).

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Here, the secured debt owed to Wells Fargo was $680,170.34 at the time of the trustee's sale.

2   (RJN, Exh. I at p.1.)  Given plaintiff's failure to make mortgage payments during the 54-month period

3   leading up to the sale, an inability to tender even a portion of the debt in question is manifest. *Anaya v.*

4   *Advisors Lending Group*, 2009 U.S. Dist. LEXIS 68373, *27 (E.D. Cal. Aug. 5, 2009) (a failure to

5   make monthly payments reflects an inability to tender the total amount owed).[3]

6   On this basis alone, the quiet title claim should be dismissed with prejudice.

7   **7.   CONCLUSION**

8   For the reasons detailed in the motion to dismiss and discussed in this reply brief, Wells Fargo

9   submits that the claims in the operative "amended complaint" are incapable of amendment.

10

11   Respectfully submitted,

12   Dated:  April 18, 2019          ANGLIN, FLEWELLING, RASMUSSEN,
                                     CAMPBELL & TRYTTEN LLP
13

14   By:   /s/ Michael Rapkine
           Michael Rapkine
15   Attorneys for Defendant
     WELLS FARGO BANK, N.A.
16

17

18

19

20

21

22

23

24

25   _____
[3]   It should be added that averments of a "willingness or ability" to tender a sum of money will not
26   support a claim to challenge the foreclosure process.  No legitimate tender exists unless funds are
     actually placed in the hands of the trustee or beneficiary. *Gaffney v. Downey Sav. & Loan Ass'n*, 200
27   Cal. App. 3d 1154, 1167 (1988).  "The rules which govern tenders are strict and are strictly applied..."
     *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003).
28

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 North Lake Avenue, Suite 1100, Pasadena, California  91101-4158.

On the date below, I served a copy of the foregoing document entitled:

**REPLY IN SUPPORT OF DEFENDANT WELLS FARGO'S
MOTION TO DISMISS THE COMPLAINT**

on the interested parties in said case as follows:

**Served By Means Other than Electronically Via the Court's CM/ECF System:**

*Plaintiff, Pro Se*

Suzanne Brown
4608 Meldon Avenue
Oakland, California 94619
Tel: (510) 827-7820
Fax: (510) 373-2174

☒    **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing.  Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **April 18, 2019**.

| Kimberly Wooten | */s/ Kimberly Wooten* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP