SUZANNE BROWN
4608 Meldon Avenue
Oakland California 94619
Telephone: (510) 730-5654

Petitioner
SUZANNE BROWN

FILED

MAY 0 2 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTER DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SUZANNE BROWN,<br><br>            Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, ET AL.,<br><br>           Defendants. | Case No.: 2:19-CV-00260-MCE-KJN<br><br>[The Hon. Kendall J. Newman]<br><br>**PLAINTIFF'S REBUTTAL TO WELLS FARGO'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**<br><br>Hearing to be set if necessary. |

BY FAX

## I. INTRODUCTION

Plaintiff, SUZANNE BROWN, herein responds to Defendant, WELLS FARGO HOME MORTGAGE's ("Wells Fargo"), Reply in support of their Motion to Dismiss the Complaint.

## II. REBUTTAL

### A. Implied Covenant Not Barred

Wells Fargo's assertion that Plaintiff's failure to pay precludes her from seeking relief is misplaced. The Supreme Court of California opined otherwise. "We hold only that a borrower who has suffered a non-judicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment." (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.)

Brown v. Wells Fargo Home Mortgage, et al.
Case Number: 2:19-CV-00260-MCE-KJN
Plaintiff's Rebuttal to Wells Fargo's Reply ISO to Motion to Dismiss Complaint

Page 1 of 9

The First Circuit's decision in *Culhane v. Aurora Loan Services of Nebraska* (1st Cir. 2013) 708 F.3d 282 is on point. There, the court held that the plaintiff had properly alleged a causal link between the assignment in question and her injuries, even though she was behind in her payments: [T]here is a direct causal connection between the challenged action and the identified harm. The action challenged there related to a right to foreclose by virtue of the assignment. The identified foreclosure should be traceable. (id. at pp. 289-290; see also *Lueras v. BAC Home Loans Servicing, LP* 221 Cal.App.4th 49, 82-83 (2013) [finding causal connection between bank's deceptive practices and homeowner's foreclosure even though homeowner could not otherwise demonstrate ability to pay debt].)

The critical issue is not the plaintiff's ability to pay; rather, the issue is whether the defendant's conduct resulted in the plaintiffs harm.

Clearly, when a consumer loses their home, they suffer harm. Between 2008 and 2011, more than one million homes in California were foreclosed. In many cases, lenders and loan servicers did not provide homeowners with a significant opportunity to obtain loss mitigation options to avoid foreclosure, and also engaged in extensive mortgage servicing misconduct. To address this issue, Governor Jerry Brown signed the California Homeowner Bill of Rights into law on July 11, 2012. As a result, homeowners may sue the lender or servicer for material violations of certain sections of the California Homeowner Bill of Rights. Potential relief includes:

- injunctive relief (prior to the recording of a trustee's deed upon sale), or
- actual economic damages if the trustee's deed upon sale has already been recorded.

In addition, if the court finds that the violation was intentional, reckless, or resulted from willful misconduct by a loan servicer or lender, the court may award the borrower the greater of treble actual damages or statutory damages of $50,000.

**B.  Unjust Enrichment Claim Can Proceed**

The Ninth Circuit reversed a holding by the District Court for Southern District of California dismissing plaintiffs' quasi-contract claim, based on the district court's finding that restitution "is not

Brown v. Wells Fargo Home Mortgage, et al.
Case Number: 2:19-CV-00260-MCE-KJN
Plaintiff's Rebuttal to Wells Fargo's Reply ISO to Motion to Dismiss Complaint

Page 2 of 9

a standalone cause of action in California and is nonsensical as pled in any event." *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 756 (9th Cir. Feb. 22, 2016, No. 14-55074).

Wells Fargo miss-cites the above case.

While the Ninth Circuit acknowledged that unjust enrichment is not a standalone cause of action, the Court said that the cause of action (which is synonymous with restitution) is not "irrelevant" because it identifies the theory that a defendant must return a benefit that has been obtained through fraud or mistake.

To that end, the Court said that judges had the option to construe an unjust enrichment claim as a "quasi-contract claim seeking restitution," and that the claim need not automatically be dismissed.

**C. In the Interest of Justice Plaintiff's Complaint Should Not be Dismissed Without Leave to Amend.**

In a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, accepting as true all facts alleged if they are well-pleaded. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). All possible inferences are drawn in favor of the plaintiff.

Moreover, Wells Fargo cannot be considered a credible witness given the fact that during this time period at issue, the Department of Justice along with the State of California (among many others) sued Wells Fargo. This resulted in a Stipulated Judgment, which is public record. (See '**Exh. A**').

In 2016, State of California suspended Wells Fargo from conducting business in the state. In 2018, Wells Fargo was capped by the Federal Reserve due to their improper conduct.

As a result, the Court should subject Wells Fargo to scrutiny and make them accountable by way of a trial so that the Bank is required to produce evidence of the life of the mortgage and foreclosure.

The Court can consider whether on the pleaded and noticeable facts there is a reasonable possibility of an amendment that would cure the complaint's legal defect or defects. (*Schifando v. City of Los Angeles* 31 Cal.4th 1074, 1081 (2003).)

Brown v. Wells Fargo Home Mortgage, et al.
Case Number: 2:19-CV-00260-MCE-KJN
Plaintiff's Rebuttal to Wells Fargo's Reply ISO to Motion to Dismiss Complaint

Page 3 of 9

As to those causes of actions that would be plead as damages, Plaintiff should be granted leave to amend and in does not waive those claims.

### D. Concealment – Wells Fargo's Conduct in Bankruptcy Court

Wells Fargo's seeking leave of stay in the bankruptcy court, would only allow Wells Fargo to seek pursue Plaintiff for a debt. The non-judicial foreclosure did not allow an evidentiary analysis nor an adjudication as to whether or not Wells Fargo fraudulently foreclosed on Plaintiff's home. Wells Fargo merely presented that they had presented a financial claim and had standing to assert a claim in the Bankruptcy Court, and did not account for the steps taken in the life of the loan.

It is sound policy to empower homeowners to protect themselves against "fast and loose" foreclosure practices. This is what prompted the Department of Justice along with of the State of California, (one of many), to file a complaint which alleged mortgage fraud and misuse of the Bankruptcy courts to fraudulently foreclose on mortgages. (Attached as 'Exh. 1')

In that suit, WELLS FARGO was named and declaratory judgment sought under 28 U.S.C. §§ 2201 and 2202 regarding the bank's bankruptcy misconduct. The conduct as cited was the following:

<u>The Banks' Bankruptcy-Related Misconduct</u>

In the ordinary course of their businesses, the Banks regularly appear as creditors, or on behalf of creditors, in bankruptcy cases, including bankruptcy cases commenced in this district and over which this Court has original jurisdiction under 28 U.S.C. § 1334, seeking the payment of money from bankruptcy estates and/or prosecuting motions seeking relief from the automatics tay to foreclose on consumer mortgages.

The Banks have bankruptcy procedures that are utilized or relied upon by the Banks and their attorneys, contractors, and other agents when the Banks file documents, including proofs of claim and motions seeking relief from the automatic stay in bankruptcy cases.

Use of these bankruptcy procedures has resulted in an insufficient level of oversight and safeguards regarding pleadings and documents filed by the Banks or their agents in bankruptcy cases and their conduct during the bankruptcy cases.

Brown v. Wells Fargo Home Mortgage, et al.
Case Number: 2:19-CV-00260-MCE-KJN
Plaintiff's Rebuttal to Wells Fargo's Reply ISO to Motion to Dismiss Complaint

Page 4 of 9

Use of these bankruptcy procedures has resulted in the filing of signed pleadings and documents in bankruptcy cases as to which the signatory has not conducted a reasonable inquiry into the factual contentions or allegations, as required by applicable law, including Fed. R. Civ. P. 11 and Fed. R. Bankr. P. 9011.

Use of these bankruptcy procedures has also resulted in a failure to exercise adequate supervision over the Banks' attorneys, contractors, and other agents in bankruptcy proceedings.

As a result of the use of inadequate bankruptcy procedures, the conduct of the Banks or their agents has resulted in, among other things, some or all of the following:

a. making representations that were inaccurate, misleading, false, or for which the Banks, at the time, did not have a reasonable basis to make, including without limitation representations contained in proofs of claim under 11 U.S.C. § 501, motions for relief from the automatic stay under 11 U.S.C. § 362, or other documents;

b. filing proofs of claim, motions for relief from stay, or other documents that failed to include documentation required under the Federal Rules of Bankruptcy Procedure, local court rules, local court standing orders, or other applicable rules or law, such as the original or a duplicate of the writing on which the secured claim is based, evidence that the security interest has been perfected, a statement setting forth the terms of and any documentation of a transfer of the claim, or other documentation;

c. filing lost note affidavits in connection with proofs of claim, motions for relief from stay, or other documents that were inaccurate, misleading, or false, or for which the Banks, at the time, did not have a reasonable basis to make;

d. filing proofs of claim, motions for relief from stay, or other documents where the Banks sought payment from debtors or bankruptcy estates for amounts that the Banks were not legally entitled to collect, such as seeking principal, interest, fees, escrow amounts, and/or advances that were not incurred, were in excess of what is collectable under the loan documents, were not reasonable or appropriate to protect the note holder's interest in the property and rights under the security instrument, or were inconsistent with an approved loan modification;

e. filing proofs of claim or motions for relief from stay without required itemizations for principal, interest, fees, escrow amounts, and/or advances;

Brown v. Wells Fargo Home Mortgage, et al.
Case Number: 2:19-CV-00260-MCE-KJN
Plaintiff's Rebuttal to Wells Fargo's Reply ISO to Motion to Dismiss Complaint

Page 5 of 9

f. filing proofs of claim, motions for relief from stay, or other documents that inaccurately represented or failed to document ownership of the claim or right to seek relief;

g. commencing collection activities against the debtor or the debtor's property without court authorization, or in violation of the terms of a confirmed chapter 13 plan, the discharge injunction under 11 U.S.C. § 524, or the automatic stay under 11 U.S.C. § 362;

h. filing proofs of claim, motions for relief from stay, or other documents or otherwise commencing collection activities seeking to recover amounts on debts that have been paid or satisfied, including through a refinance of the debt, or a sale or short sale of the collateral;

i. collecting, or attempting to collect, attorney's fees and other charges for the preparation and filing of proofs of claim, motions for relief from stay, or other documents, that the Banks ultimately withdrew or that a court denied;

j. failing to promptly and accurately apply payments resulting in inaccurate loan accounting and wrongful or inaccurate allegations of loan defaults;

k. filing proofs of claim, motions for relief from stay, or other documents that inaccurately or falsely represented they were signed by a person with direct knowledge of the matters alleged in the filing;

l. filing affidavits or other documents requiring notarization where the Banks inaccurately or falsely represented that the documents were validly notarized;

m. failing to provide required notices to the debtor, trustee, or the court regarding payment changes resulting from a change in interest rate and/or escrow charges;

n. failing to provide notice to the debtor, trustee, or court regarding fees, charges, and expenses assessed or incurred after the petition date; or

o. failing to promptly provide a reconciliation of payments received with respect to the debtor's obligations in the case or failing to appropriately update the Banks' systems of record, including upon dismissal or closure of a bankruptcy case.

As set forth in that lawsuit by the Department of Justice and the States, the Banks implemented and relied upon inadequate bankruptcy procedures despite having actual or constructive notice that such procedures could, and did, lead to the errors described above. Further,

Brown v. Wells Fargo Home Mortgage, et al.
Case Number: 2:19-CV-00260-MCE-KJN
Plaintiff's Rebuttal to Wells Fargo's Reply ISO to Motion to Dismiss Complaint

Page 6 of 9

use of these bankruptcy procedures has also resulted in the Bank seeking inappropriate relief from debtors under the Bankruptcy Code, including under 11 U.S.C. §§ 362 and 501, and in violation of 11 U.S.C. § 524.

### E. Wells Fargo Fiduciary Duty – Mortgage Contracts Impute Duty

Wells Fargo is imposed with a fiduciary duty. See, *Ploog v. Home Side Lending, Inc.*, 209 F.Supp. 2d 863 (N.D. Ill. 2002). In Ploog, the court explained, "[m]ortgage contracts carry with them an implied duty of professional competence analogous to the way the duty of good faith and fair dealing is imputed as a term of the contract." Id.(internal quotations and citations omitted).

See *Bojorquez v. Gutierrez*, 2010 WL 1223144, at *11 (N.D.Cal. Mar. 25, 2010); See also, Susilo v. Wells Fargo Bank, Na, 796 F. Supp. 2d 1177 (C.D. Cal. 2011),District Court, C.D. California.

### F. Accounting Required by Wells Fargo

This mortgage was re-assigned to three different banks, World Savings Bank, FSB, Wachovia Mortgage and finally to Wells Fargo over almost 10 years time.

Wells Fargo owed Plaintiff a duty under the deed of trust to disclose the reinstatement amount. "The obligation of the beneficiary to provide the trustor with an accurate accounting of the amounts due to cure a default is governed by statute." Anderson v. Heart Fed. Sav. & Loan Ass'n, 208 Cal. App. 3d 202, 215, 256 Cal. Rptr. 180 (1989). Cal. Civ. Code § 2924c specifies that trustor may have "the legal right to bring [her] account in good standing by paying all of [her] past due payments plus permitted costs and expenses within the time permitted by law." § 2924c(b)(1). "Compliance with this provision necessarily requires that the beneficiary provide accurate information in response to an inquiry by the trustor." Anderson, 208 Cal. App.3d at 216, 256 Cal. Rptr. 180. In Anderson, the court found that "the burden is placed on [the beneficiary] by sections 2924 and 2924c to inform [the trustor] correctly about the amounts `then due' on the obligations properly noticed in the notice of default and the foreclosure costs. This information is in the possession of the beneficiary. [The trustor] is under no obligation to second—guess the amount." Id.

\\\

Brown v. Wells Fargo Home Mortgage, et al.
Case Number: 2:19-CV-00260-MCE-KJN
Plaintiff's Rebuttal to Wells Fargo's Reply ISO to Motion to Dismiss Complaint

Page 7 of 9

### G. There is a Colorable Claim of Fraud Against Wells Fargo

Plaintiff expressly alleges that Wells Fargo refused to discuss a loan modification, nor provide her with any accounting despite the fact that they were the third bank and accounting was necessary. Wells Fargo also obtained relief from stay by not being completely forthcoming to the Bankruptcy court, and such conduct deserves an evidentiary hearing and further scrutiny.

Wells Fargo simply stepped in and swiftly sold Plaintiff's home right out from under her without going through all of the checks and balances required of them. As a result, they fraudulently foreclosed on Plaintiff's home.

The assignment of mortgage, assigning only the mortgage and not the note, is evidence fabricated to record in the public records and present in support of standing that is a legal nullity under Federal law. *Carpenter v. Longan*, 83 U.S. 271, 274 (1872) ("[a]n assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity");

In *Wells Fargo v. Riley*, under Palm Beach County Circuit Court Case Number 50-2016-CA-010759-XXXXMB. Judge Harrison shamed WELLS FARGO for presenting false evidence, false testimony, and violating a court order that would have exposed the unconscionable scheme to rely on a dead bank robo-stamped endorsement and false mortgage assignment to establish standing.

In finding 'unclean hands' throughout the case, Judge Harrison cited the common law rule that "[o]ne who comes into equity must come with clean hands else all relief will be denied him regardless of merit of his claim, and it is not essential that act be a crime; it is enough that it be condemned by honest and reasonable men." Judge Harrison explained, "even if Plaintiff had standing to foreclose (a meritorious claim), Plaintiff would be denied the equitable relief of foreclosure upon a finding that Plaintiff took actions in pursuing this foreclosure that reasonable and honest men would condemn."

As U. S. Supreme Court Justice Black wrote:

"[T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated

Brown v. Wells Fargo Home Mortgage, et al.  
Case Number: 2:19-CV-00260-MCE-KJN  
Plaintiff's Rebuttal to Wells Fargo's Reply ISO to Motion to Dismiss Complaint

Page 8 of 9

consistently with the good order of society." *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 246, 64 S. Ct. 997, 88 L. Ed. 1250 (1944).

### III. CONCLUSION

In the interest of justice, Wells Fargo should not succeed in dismissing a complaint where they were alleged to have foreclosed on Plaintiff's home without proper due process and by fraud. Instead, Wells Fargo should have to undergo evidentiary scrutiny by this Court.

Respectfully submitted,

Dated: 5/2/19

SUZANNE BROWN, Plaintiff

Brown v. Wells Fargo Home Mortgage, et al.
Case Number: 2:19-CV-00260-MCE-KJN
Plaintiff's Rebuttal to Wells Fargo's Reply ISO to Motion to Dismiss Complaint

Page 9 of 9

| | |
|---|---|
| 1 | CASSANDRA J. RICHEY |
| | CA NO. 155721 |
| 2 | BARRETT DAFFIN FRAPPIER |
| 3 | TREDER & WEISS, LLP |
| | 20955 PATHFINDER ROAD |
| 4 | SUITE 300 |
| | DIAMOND BAR, CA 91765 |
| 5 | Phone: (626) 915-5714, Fax: (972) 661-7726 |
| | E-mail: ndcaecf@BDFGroup.com |
| 6 | File No. 00000007851553 |
| 7 | |
| | Attorney for Movant |
| 8 | WELLS FARGO BANK, N.A. |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re: | CASE NO.: 18-41993 WJL-13 |
| | CHAPTER: 13 |
| SIERRA MUNIZ | R.S. NO.: EAT-1975 |
| | MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY |
| Debtor(s). | [PROPERTY: 4608 MELDON AVENUE, OAKLAND, CA 94619 aka 4608 MELDON AVE., OAKLAND, CA 94619-2646] |
| | DATE: 10/10/2018 |
| | TIME: 9:30 a.m. |
| | PLACE: U.S. Bankruptcy Court |
| | Courtroom 220 |
| | 1300 Clay Street |
| | Oakland, CA 94612 |

Secured Creditor, WELLS FARGO BANK, N.A. ("Movant") hereby moves the court for an order terminating automatic stay pursuant to *11 U.S.C. Section 362(d)(1), 362(d)(4),* and the co-debtor stay of 11 U.S.C. § 1301(a), on the grounds hereafter set forth:

1

1. On August 27, 2018, the Debtor SIERRA MUNIZ ("Debtor") commenced this voluntary Chapter 13 case in the United States Bankruptcy Court for the District of California, Oakland Division, Case No. 18-41993. MARTHA G. BRONITSKY is the duly appointed, qualified and acting Chapter 13 Trustee.

2. The court has subject matter jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Section 157(b)* and *11 U.S.C. Section 362*. Venue in this court is proper under the provisions of *28 U.S.C. Sections 1408* and *1409*.

3. The Debtor's estate includes real property commonly known as **4608 MELDON AVE., OAKLAND, CA 94619 aka 4608 MELDON AVE., OAKLAND, CA 94619-2646** ("Property"), and legally described in the attached Deed of Trust.

4. Movant, its successors and assigns, is the current holder of a Note in the original sum of $492,000.00 executed on June 28, 2007 by the non-filing Borrower SUZANNE BROWN in favor of WORLD SAVINGS BANK, FSB. Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust. The Note is secured by a first priority Deed of Trust against said real property recorded on July 6, 2007 as Document No. 2007248932 in the Office of the County Recorder of Alameda County, CA.

5. The terms of the Debt Agreement were amended by the attached loan modification agreement entered into by and between Wachovia Mortgage, FSB and the Borrower SUZANNE BROWN dated June 3, 2009 (the "Loan Modification Agreement").

6. Movant was formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB. Effective December 31, 2007, World Savings Bank, FSB's charter and bylaws were amended to change its name to Wachovia Mortgage, FSB. Effective November 1, 2009,

Wachovia Mortgage, FSB converted to a national bank with the name Wells Fargo Bank Southwest, National Association. Additionally, effective November 1, 2009, Wells Fargo Bank Southwest, National Association merged into and became a division of Wells Fargo Bank, National Association. Attached to the Exhibits Summary are copies of the name change and merger documents, **Exhibit 4.**

7. Prior to the bankruptcy filing, the Borrower failed to pay as agreed under the terms of the Note and Deed of Trust. As a result, a non-judicial foreclosure proceeding against the Property was commenced on behalf of Movant by recording a Notice of Default on January 31, 2013. A Notice of Trustee's Sale was recorded on April 30, 2013. The foreclosure sale was postponed and subsequently cancelled due to loss mitigation reviews.

8. A new Notice of Default was recorded on October 30, 2017. A Notice of Trustee's Sale was recorded on February 13, 2018. The postponed foreclosure sale is currently scheduled for October 30, 2018.

9. Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved, the transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval and multiple bankruptcy cases affecting the Property which include:

1) On May 27, 2010, SUZANNE BROWN filed a prior voluntary petition under Chapter 13 of the bankruptcy code. The matter was subsequently converted to a Chapter 11 matter on July 29, 2010. The Chapter 11 plan was confirmed on May 1, 2014. Movant was treated in Class 1g of the confirmed plan which modified Movant's treatment pursuant to Stipulation to $526,321.39 payable at 5.5% over 30 years, monthly payments of $2,988.39. The Chapter 11 final decree and order closing the case was entered on August 24, 2015. See **Exhibit 5.**

2) On May 22, 2018, one day prior to a scheduled foreclosure sale, SUZANNE BROWN filed a prior voluntary petition under Chapter 7, and was assigned case No. 18-41204.

Relief from stay regarding the Property was granted and an Order was entered on July 16, 2018. The bankruptcy case is still active and pending. Due to the bankruptcy filing, the foreclosure sale was postponed.

  3) On August 28, 2018, the day of a scheduled foreclosure sale, two (2) three-page faxes were sent to Movant's foreclosure trustee that included a grant deed and a notice of a Chapter 13 bankruptcy filed on August 27, 2018 by SIERRA MUNIZ, in the United States Bankruptcy Court for the Northern District of California, case number 18-41993. Without Movant's knowledge or consent, SIERRA MUNIZ purportedly acquired a fractionalized 10% interest in the Property by way of a Grant Deed executed by the Borrower SUZANNE BROWN and allegedly recorded on August 24, 2018. Due to the bankruptcy filing, the foreclosure sale was postponed.

  10. Movant respectfully requests the Court take Judicial Notice pursuant to Federal Rules of Evidence 201 that Movant is the only creditor, or one of very few creditors, listed in the Debtor's case commencement documents, Creditor Matrix. (*See*, Docket Entry No. 3 filed on the Court's docket.)

  11. Movant is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. As of September 5, 2018, the loan is in longstanding material default, contractually due for the **July 1, 2014** monthly mortgage payment, and no payments have been received since **September 2, 2015**. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. §362(d)(1).

  12. Further cause exists to terminate the automatic stay under 11 U.S.C. §362(d)(4) because Debtor's bankruptcy filing is part of a scheme, the object of which is to delay, hinder or otherwise seek to interfere with Movant's ability to enforce its state law remedies. In addition, the scheme involves multiple bankruptcy filings affecting the Property and the transfer of all or part ownership of, or other

interest in, the Property without the consent of Movant or court approval. Based thereon, Movant respectfully requests relief under 11 U.S.C. section 362(d)(4).

13. Further, any co-debtor stay should also be terminated as it has not been shown to have any basis to exist independent of the stay under 11 U.S.C. §362(a). See 11 U.S.C. §1301(c).

WHEREFORE, Movant prays for an Order as follows:

1. For an order granting relief from the automatic stay under *11 U.S.C. Section 362(d)(1)* and *(d)(4)* to allow moving party to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. For an order terminating the co-debtor stay under 11 U.S.C. §1301(c) as to the co-debtor, on the same terms and conditions as to the Debtor.

3. That the Order Terminating Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of Title 11 of the United States Code without further notice, hearing or court order.

4. That if recorded in compliance with applicable state law, the order granting this motion will be binding and effective in any other case under this title purporting to affect the subject property filed no later than two (2) years after the date of the entry of the order by the court, except that a debtor in a subsequent case filed under any other Chapter of Title 11 may move for relief from the terms of this order based upon a changed circumstance or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording. 11 U.S.C. § 362(d)(4).

///

///

///

5. That the Order Granting Motion for Relief from the Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a )(3)* of the *Federal Rules of Bankruptcy Procedure*.

6. For such other relief as the court deems proper.

BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP

Dated: 9/21/2018          By:   /s/ Cassandra J. Richey
                                CASSANDRA J. RICHEY
                                Attorney for Movant

6

Case: 18-41993   Doc# 18   MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY
Filed: 09/21/18   Entered: 09/21/18 14:14:10   Page 6 of 6

Entered on Docket
October 11, 2018
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: October 11, 2018

William J. Lafferty, III
U.S. Bankruptcy Judge

MELISSA A. VERMILLION
State Bar No. 241354
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
(626) 915-5714 – Phone
(972) 661-6626 - Fax
File No. 7851553
ndcaecf@BDFGroup.com

Attorney for Movant
WELLS FARGO BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re:<br>SIERRA MUNIZ,<br><br>Debtor(s). | CASE NO.: 18-41993 WJL-13<br>CHAPTER: 13<br>R.S. NO.: EAT-1975<br><br>ORDER GRANTING MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY<br><br>[PROPERTY: 4608 MELDON AVE., OAKLAND, CA 94619 aka 4608 MELDON AVE., OAKLAND, CA 94619-2646]<br><br>DATE: 10/10/2018<br>TIME: 9:30 a.m.<br>PLACE: U.S. Bankruptcy Court<br>Courtroom 220<br>1300 Clay Street<br>Oakland, CA 94612 |

The motion of Secured Creditor, WELLS FARGO BANK, N.A. ("Movant), for in-rem relief from the automatic stay came on regularly for hearing by the Court on the date, time and place set forth above, the HONORABLE WILLIAM J. LAFFERTY, United States Bankruptcy Judge presiding. All

appearances were notated on the record. For the reasons set forth on the record and in the minutes of the proceedings, it is

ORDERED, ADJUDGED AND DECREED that the automatic stay imposed by *11 U.S.C. § 362(a)* shall be and is hereby terminated as to Movant, its successors and assigns, thereby permitting enforcement of its contractual default remedies against the security described in that certain Deed of Trust recorded on July 6, 2007 as Document No. 2007248932 in the Office of the County Recorder of Alameda County, California, including that certain real property commonly known as **4608 MELDON AVE., OAKLAND, CA 94619 aka 4608 MELDON AVE., OAKLAND, CA 94619-2646** ("Property"), and legally described as follows:

> LOT 45 AS SAID LOT IS SHOWN ON THE MAP OF CHULA VISTA, FILED JUNE 26, 1929 IN THE OFFICE OF THE COUNTY RECORDER OF ALAMEDA COUNTY, AND OF RECORD IN MAP BOOK 18 AT PAGE 67.

ORDERED, ADJUDGED AND DECREED that Movant, its successors and assigns, shall be and are hereby authorized to enforce its rights and remedies under applicable non-bankruptcy law with regard to the above collateral, all in accordance with the laws of the State of California.

ORDERED, ADJUDGED AND DECREED that the terms of this Order shall be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the *Federal Rules of Bankruptcy Procedure.*

ORDERED, ADJUDGED AND DECREED that the Order Granting Motion for Relief from the Automatic Stay if recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or

local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

ORDERED, ADJUDGED AND DECREED the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim following a foreclosure for a deficiency under applicable law, if any.

ORDERED, ADJUDGED AND DECREED that the Order Granting Motion for Relief from the Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Bankruptcy Code* without further notice, hearing, or court order.

***END OF ORDER***

**COURT SERVICE LIST**

None