UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE BROWN, | No. 2:19-cv-260-MCE-KJN PS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS AND ORDER ON DEFENDANT'S MOTION TO DISMISS |
| v. | |
| WELLS FARGO BANK, N.A., et al. | (ECF No. 4.) |
| Defendants. | |

On January 7, 2019, Plaintiff filed a complaint in California state court alleging nine claims against "Wells Fargo Home Mortgage" and 100 Doe Defendants. (ECF No. 1–2.) Wells Fargo removed to this Court, and filed the instant motion to dismiss.[1] (ECF Nos. 1, 4.)

For the reasons discussed below, the Court RECOMMENDS granting the motion, as:

(I)     The HBOR claim is merely a recitation of the statute, requiring amendment;
(II)    The fraud, concealment, and UCL claims concerning Defendant's request for relief from the bankruptcy stay lack the requisite specificity and are self–defeating on the reliance element;
(III)   The implied-covenant claim fails on multiple points of law;
(IV)   The "injunction" and "unjust enrichment" causes of action are remedies, not claims, and Plaintiff has no claim to restitution;
(V)    The quiet title claim fails for lack of tender; and
(VI)   The accounting claim fails for lack of a fiduciary duty and lack of complexity.

---

[1] Plaintiff represents herself in this action without the assistance of counsel; thus, this case proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

**Background**[2]

On June 28, 2007, Plaintiff borrowed $492,000 from Defendant,[3] secured by a deed of trust recorded against the "Property" at 4608 Meldon Ave. in Oakland, California. In July of 2014, Plaintiff failed to pay her monthly installment on the loan. On October 30, 2017, a notice of default was recorded in the Alameda County Recorder's Office.

On August 24, 2018, Plaintiff executed a grant deed, allotting a 10% interest in the Property to her daughter, Sierra Muniz. Three days later, Muniz filed for bankruptcy in the Northern District of California, under case number 18–41993. On September 12, the bankruptcy court filed an "Order and Notice of Dismissal for Failure to Comply." On September 21, Defendant filed a motion in the case 41993 bankruptcy action to lift the stay on the Property, arguing the grant deed and bankruptcy was "part of a scheme" to delay the sale of the Property;

---

[2] The facts derive from the Complaint (ECF No. 1–2) as well as the following exhibits:
- ECF No. 1–2 at Ex. B and C (filings in Cal. state court and E.D. Cal. bankruptcy court);
- ECF No 4–3 at Ex. A (06-28-07 deed of trust); Ex. G (10-30-17 notice of default and election to sell), Ex. H. (02-08-18 notice of trustee sale); Ex. I (01-07-19 trustee's deed upon sale), and Ex. J (08-24-18 grant deed from Plaintiff to Muniz);
- ECF No. 4–3 at Ex. K (docket in Muniz bankr. 18-41993), Ex. L (Defendant's notice of motion for relief from 18-41993 bankr. stay), Ex. M (order granting relief from stay), Ex. N (docket in Muniz bankr. 18-42372), and Ex. O (docket in Plaintiff's bankr. 18-42553);
- ECF No. 8 at pp. 10–15 (Defendant's motion for relief from 18-41993 bankr. stay).

The Court takes judicial notice of the above exhibits under Fed. R. Evid. 201(b). United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may [] consider certain material-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."); see also Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (judicial notice proper for exhibits "on which the Complaint necessarily relies."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record); Gamboa v. Tr. Corps, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and are easily verifiable.").
Facts described herein are construed in the light most favorable to Plaintiff—the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013).

[3] The loan was made between Plaintiff and World Savings Bank; Defendant Wells Fargo is WSB's successor-in-interest. (See ECF No. 1–2 at ¶ 4; see also ECF No. 4–3 at exhibits B–F, of which the Court takes judicial notice under Fed. R. Evid. 201(b)) (see Paralyzed Veterans of Am. v. McPherson, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) (collecting cases that took judicial notice of factual information found on government agency websites).

2

this motion was served on Muniz and Plaintiff. On October 10, 2018, the bankruptcy court held a hearing on Defendant's motion, and lifted the stay on the Property. The case 41993 bankruptcy was closed on October 18. That same day, Muniz filed a second bankruptcy petition, which was closed on December 4. On October 29, 2018, Plaintiff filed for bankruptcy (No. 18–42533).

On January 2, 2019, Plaintiff called Defendant to inquire about a loan modification, but learned the Property was to go to a Trustee Sale the following day. On January 3, 2019, Defendant purchased the Property at the trustee sale. Throughout these proceedings, Defendant never appointed a "single point of contact" for Plaintiff after she requested a foreclosure prevention alternative.

**Procedural Posture**

In January of 2019, Plaintiff filed a complaint in California state court (Solano County), alleging the following claims under California law: Violation of the Homeowner Bill of Rights; Fraud; Concealment; Breach of Implied Covenant of Good Faith and Fair Dealing; Unjust Enrichment; Violations of Cal. Bus. Code § 17200; Quiet Title; Injunctive Relief; and Accounting. Defendant (a citizen of South Dakota) removed to the Eastern District of California, and thereafter filed the instant motion to dismiss. Plaintiff opposed, Defendant replied, and Plaintiff filed a surreply.[4]

---

[4] The Local Rules provide for a motion, an opposition, and a reply only; courts view surreplies with disfavor. Garcia v. Biter, 195 F. Supp. 3d 1131, 1133–34 (E.D. Cal. 2016); see also E.D. Cal. L.R. 230(l). However, the decision to permit a surreply is within the district court's discretion. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009). Further, while courts in this circuit afford pro se litigants additional leniency, this does not extend to permitting surreplies as a matter of course; absent an articulation of good cause, courts generally disallow parties to file surreplies. Garcia, 195 F.Supp.3d at 1134. Good cause has been found to exist "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005). Here, Plaintiff's opposition brief did not address the HBOR, Implied Covenant, Unjust Enrichment, or Accounting claims, and Defendant's reply suggested she conceded these claims. However, in her surreply, she provided additional information, including citations to cases and an additional bankruptcy document, regarding the latter three claims. The cases cited by Plaintiff in the surreply can be distinguished from the facts of this case. Because the Court discusses these cases and the additional exhibit below, Plaintiff's filing of the surreply without permission will be treated as a request, which the Court grants. See Singh v. Nicolas, 2019 WL 2142105, at *8 (E.D. Cal. May 16, 2019) (granting surreply where new cases were cited and discussed in the court's order); Thomas v. Kaur, 2019 WL 366886, at *1 (E.D. Cal. Jan. 30, 2019) (granting permission to

3

**Legal Standard**

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide a "short and plain statement" of plaintiff's claims showing entitlement to relief. Rule 8(a)(2)[5]; see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Under Rule 12(b)(6), a claim may be dismissed because of the plaintiff's failure to state a claim upon which relief can be granted. This generally encompasses two scenarios: where the complaint lacks a cognizable legal theory, or where it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." Id. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a complaint under Rule 12(b)(6), a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Further, all well-pleaded allegations of material fact are to be taken as true and construed in a light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). A court is not, however, "required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [courts do] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071.

---

file surreply where pro se plaintiff submitted additional exhibits on which the court relied).

[5] Citations to the "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless otherwise specified.

4

The Ninth Circuit has distilled the following principles for Rule 12(b)(6) motions:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.
> Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014). If a motion to dismiss is granted, the district court should grant leave to amend—even if no request to amend the pleading was made—unless amendment "would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities." Garmon v. County of L.A., 828 F.3d 837, 842 (9th Cir. 2016). Courts may not incorporate allegations raised in opposition papers into a complaint, but may consider them in deciding whether to grant leave to amend. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

The court must construe pro se pleadings liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give plaintiff an opportunity to cure them if it appears at all possible the plaintiff can correct the defects. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

**Parties' Arguments**

Defendant argues each and every claim fails to allege a factual or legal basis; Plaintiff contends Defendant's construction of Rule 8 is narrow. The parties also dispute whether:

(I) The HBOR claim is viable (Plaintiff appears to concede this);
(II) The fraud, concealment, and § 17200 business code claims contain the requisite specificity under Rule 9(b);
(III) A claim for breach of implied covenant of good faith or fair dealing is viable, given that the parties have an express contract;
(IV) Unjust enrichment and injunctive relief are independent claims;
(V) The quiet title claim fails for lack of tender; and
(VI) Plaintiff has a right to an accounting.

(See ECF Nos. 4, 6, 7, 8.)

5

**Analysis**

**I.     Homeowner Bill of Rights**

California law requires that "Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7 (2017). The purpose of this provision was to attempt to eliminate the practice of borrowers "being told one thing by one bank employee while something entirely different is being pursued by another." Nasseri v. Wells Fargo Bank, N.A., 147 F. Supp. 3d 937, 944 (N.D. Cal. 2015) (quoting Jolley v. Chase Home Finance, LLC, 213 Cal. App. 4th 872, 904 (2013)). If the borrower brings a claim after the trustee's deed has been recorded, the offending lender "shall be liable to a borrower for actual economic damages . . . resulting from a material violation" of the single-point-of-contact provision. Cal. Civ. Code § 2924.12(b). In the case of willful misconduct or an intentional or reckless violation of the law, the lender may be liable for "the greater of treble damages or $50,000," plus attorney fees and costs. § 2924.12(i).

As courts in this district have recognized, the version of the statute in effect at the time of the dispute required the borrower to request both a foreclosure prevention alternative *and* a single point of contact. Jerviss v. Select Portfolio Servicing, Inc., No. 2:15-CV-01904-MCE-KJN, 2015 WL 7572130, *6 (E.D. Cal. Nov. 25, 2015) (recognizing the split amongst courts as to whether the borrower need request the single point of contact, but noting that the requirement to request both "is more faithful to the plain language of section 2923.7."); cf. also Hatton v. Bank of America, N.A., 2015 WL 4112283 at *6 (E.D. Cal. July 8, 2015) (request for single point of contact required); with McFarland v. JP Morgan Chase Bank, 2014 WL 4119399 at *11 (C.D. Cal. Aug. 21, 2014) (no request required).[6]

---

[6] Cases such as Jerviss and Hatton—requiring the borrower request a single point of contact—rested on the statute's use of two "request" phrases: "*Upon request* from a borrower *who requests* a foreclosure prevention alternative . . . ." However, as of January 1, 2019, the statute reads: "*When a borrower requests a foreclosure prevention alternative* . . . ." Thus, the California legislature has altered the borrower's duty, that they only need request the foreclosure prevention alternative in order to trigger the single-point-of-contact duty; for cases arising after January 1, 2019, litigants should not rely on those prior cases requiring dual requests.

1    Further, a violation of § 2923.7 is actionable only when that violation is material—where

2    'the alleged violation affected a plaintiff's loan obligations or the modification process.'" Shupe

3    v. Nationstar Mortgage LLC, 231 F. Supp. 3d 597, 603 (E.D. Cal. 2017) (quoting Cornejo v.

4    Ocwen Loan Servicing, LLC, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015).

5    Here, Defendant argues Plaintiff's HBOR claim is a mere recitation of portions of the

6    statute with little connecting it to the facts of her case. Plaintiff appears to concede this point, as

7    she did not address this argument in either her opposition or surreply. The Complaint does

8    incorporate the first six paragraphs of the complaint, but those are statements of the parties,

9    jurisdiction, and basic information about the loan and foreclosure. (See ECF No. 1–2 at ¶¶ 1–6.)

10   Plaintiff also states she was "deprived of the opportunity to avail themselves [sic] of available

11   foreclosure alternatives that would have avoid [sic] the necessity for the filing of this complaint,

12   and are now facing a Trustee Sale currently scheduled for January 3, 201[9] . . . ." (Id. at ¶ 12.)

13   This allegation, however, does not indicate how the failure of Defendant to appoint a single point

14   of contact led to the Trustee Sale (i.e. why this alleged failure is material). Shupe, 231 F. Supp.

15   3d at 603. Further, Plaintiff failed to allege she requested a single point of contact. Jerviss, 2015

16   WL 7572130 at *6. For these reasons, Plaintiff's HBOR claim must be dismissed. The Court

17   recommends that Plaintiff be granted leave to amend to correct these deficiencies; but should

18   Plaintiff choose to do so, she is reminded of her obligations under Rule 11(b) (1) and (3).

19   **II.     Fraud, Concealment, and Cal. Business and Professions Code § 17200**

20   To state a claim for fraud or concealment a plaintiff "must plead facially plausible facts

21   establishing: (1) a misrepresentation (i.e. false representation, concealment, or nondisclosure); (2)

22   that the defendant knew the misrepresentation was false; (3) that the defendant intended to induce

23   reliance upon the misrepresentation; (4) justifiable reliance by the plaintiff on the

24   misrepresentation; and (5) resulting damage." Hennessy v. Infinity Ins. Co., 358 F. Supp. 3d

25   1074, 1080 (C.D. Cal. 2019) (citing Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951,

26   974 (1997) and Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996)). Fraudulent concealment

27   requires, among other things, "a duty to disclose a fact to the plaintiff." Kaldenbach v. Mut. of

28   Omaha Life Ins. Co., 178 Cal. App. 4th 830, 850 (2009). Similarly, California's unfair

competition law prohibits "unlawful, unfair[,] or fraudulent" business acts or practices. See Cal. Bus. & Prof. Code § 17200, et seq.; Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1143–33 (2003) (describing how § 17200 covers a "wide range of conduct" and embraces "anything that can properly be called a business practice and that at the same time is forbidden by law."). Rule 9(b) adds the additional pleading requirement that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." See also Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (reasserting the requirement that a claim under § 17200 must meet Rule 9(b)'s heightened pleading standards). Further, when asserting a fraud claim against a corporate entity under California law, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Magdaleno v. Indymac Bancorp, Inc., 853 F. Supp. 2d 983, 993 (E.D. Cal. 2011) (citing Lazar, 12 Cal. 4th at 645).

Here, the gravamen of Plaintiff's fraud claim is that Defendant misrepresented to the bankruptcy court in her daughter's first bankruptcy action that it was eligible for relief from the stay, given that the proceedings had been dismissed a week earlier.[7] (ECF No. 1–2 at ¶¶ 15–20.) Plaintiff also asserts Defendant concealed its request when it "prevented [her] from discovering [the motion had been filed]." (Id. at ¶ 24.) Plaintiff's UCL claim is merely a recitation of the statute combined with conclusory statements that "as described more fully above, Defendant's

---

[7] Plaintiff asserts in her briefing that the bankruptcy court was without jurisdiction to grant relief from the stay, and so it is a legal nullity. The Court recognizes that under 11 U.S.C. § 362(c)(2), the automatic stay remains in effect until the case is closed, the case is dismissed, or the debtor is granted or denied a discharge. Here, the Court need not decide whether the bankruptcy court's lifting of the stay was void, because all parties agree (and the docket in the 18–41993 bankruptcy action confirms) that the case was ultimately closed in October 18, 2018. (See ECF No. 4–3 at Ex. K.) Arguments as to the effect of the relief from stay on Plaintiff's October 29 bankruptcy are better suited for the bankruptcy court in Plaintiff's bankruptcy case (18–42533), as they involve issues of retroactive nullification under § 362(d)(1). See In re Kissinger, 72 F.3d 107, 108 (9th Cir. 1995) ("A decision to lift the automatic stay under § 362 is within the discretion of the bankruptcy court."); In re Schwartz, 954 F.2d 569, 573 (9th Cir. 1992) ("Section 362(d), a subsection of the automatic stay provision, gives the *bankruptcy court* the power to grant creditors relief from the stay[,]" and "outlines the *bankruptcy court's* authority to make exceptions to the general operation of the stay"—including retroactive relief) (emphasis added).

acts and practices are likely to deceive, constituting a fraudulent business practice." (Id. at ¶ 34.) Defendant contends these averments fall short of those necessary to bring a plausible fraud, concealment, or UCL claim. First, Defendant argues that no misrepresentation was made (or concealment thereof) in requesting a lift of the stay, that it was not aware it was making any misrepresentation (or concealing it), or that its request for relief was made to induce Plaintiff to take some action. Further, Defendant maintains the face of the Complaint demonstrates Plaintiff did not actually rely on any representations concerning the stay, as she filed her own bankruptcy a month after the bankruptcy court entered the stay "and believed an automatic stay was placed on the Property" in that action. (ECF No. 1–2 at ¶ 21.) As to the concealment allegations, Defendant asserts it was under no duty to inform Plaintiff of the fact that it filed a relief from the stay. Finally, Defendant avers the Complaint falls woefully short of Rule 9(b)'s requirement to allege facts with particularity. On many of these arguments, the Court agrees with Defendant.

      First, the allegations for these three causes of action fall short of Rule 9(b)'s pleading requirements. Many of the allegations are recitations of what occurred in the case 41993 bankruptcy action, and the only time Plaintiff avers she spoke with Defendant was in a January 2, 2019 phone call. (ECF No. 1–2 at ¶ 21.) She provides no details about who she spoke with on this telephone call or what was said about the stay, much less that the agent intended to misrepresent (or conceal) the facts or that Plaintiff relied upon the agent's representations in taking or refraining from taking some action. In fact, it appears that after the January 2 phone call, Plaintiff readied the instant complaint. Thus, it appears Plaintiff cannot assert reliance on any misrepresentations made by Defendant's agent during that call. See Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (2004) (finding that for fraud, a plaintiff "must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance.").

      More importantly, Plaintiff's allegations of fraud and deceptive practices contradict other of her assertions in the Complaint. Plaintiff states she believed the filing of her own bankruptcy in October of 2018 placed an automatic stay on the Property, and also states she was not aware of the lifting of the stay until January of 2019. (ECF No 1–2 at ¶¶ 20–21.) Likewise, in her brief,

Plaintiff contradicts herself by saying she "absolutely relied on Defendant's misrepresentations," but then describes how she assumed a stay was in effect because of her own bankruptcy and planned to apply for a loan modification. (ECF No. 6 at p. 5.) Thus, regardless of the legal effect of the bankruptcy court's lifting of a stay in September of 2019, Plaintiff's claim of fraud concerning the relief from stay fails for lack of reliance. Paulsen, 559 F.3d at 1071 (courts are not "required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint . . . ."); Patera v. Citibank, N.A., 79 F. Supp. 3d 1074, 1085 (N.D. Cal. 2015) ("Actual reliance occurs when the defendant's misrepresentation is an immediate cause of the plaintiff's conduct, altering [her] legal relations, and when, absent such representation, the plaintiff would not, in all reasonable probability, have entered into the transaction."); Bardin v. DaimlerChrysler Corp., 136 Cal. App. 4th 1255, 1261 (2006) (finding that a claim for fraud under California's unfair competition law requires a plaintiff to show that reasonable members of the public are likely to be deceived).

      Additionally, for the concealment claim, Plaintiff has not alleged in the Complaint why Defendant was under a duty to disclose its request to lift the stay on the Property, as is required by Rule 9(b). "A duty to disclose arises between two parties where a fiduciary or confidential relationship exists between them,1 or if there are other special circumstances which require disclosure." Philo v. Liminova, Inc., 2013 WL 1628153, at *3 (S.D. Cal. Apr. 15, 2013). Special circumstances include where a fiduciary relationship exists, where defendant has exclusive knowledge of material facts not known to plaintiff (as in a real estate agent's knowledge of home defects unknown to the buyer), where the defendant actively conceals the material fact, or where the defendant makes a partial representation while suppressing other facts. Id. (citing LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997)). Plaintiff's Complaint avers Defendant filed its motion to lift the stay after the stay had been dissolved due to the bankruptcy court's dismissal of the action nine days prior. (ECF No. 1–2 at ¶ 24.) However, there is no indication as to how Defendant "prevented" her from discovering this fact, as the notice of the motion was indeed filed with the Court and served on the parties—including Plaintiff (listed as "debtor" on the certificate of service)—at the Meldon address. (See ECF No. 4–3 at Ex's. K and L.)

For these reasons, the Court recommends Plaintiff's claims for fraud, concealment, and deceptive business practices be dismissed. Further, given her averments in the Complaint that she believed a stay was in effect due to her October 29 bankruptcy filing, it is clear that amendment of the fraud, concealment, and § 17200 claims (that Defendant committed fraud by requesting a lift of the stay in the case 41993 bankruptcy and concealed this act from her) would be futile; thus, the Court recommends dismissal of these claims with prejudice.

### III.  Implied Covenant of Good Faith or Fair Dealing

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 400 (2000). The covenant rests upon the existence of some specific contractual obligation. Foley v. Interactive Data Corp., 7 Cal. 3d 654, 683–84 (1988). This covenant is read into contracts to protect the express covenants or promises of the contract, not to protect a general public policy interest not directly tied to the contract's purpose. Id. at 690; see also Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1153 (1998) ("In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which frustrates the other party's rights to the benefits of the contract.").

"Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity." Levy v. State Farm Mut. Auto. Ins. Co., 150 Cal. App. 4th 1, 5 (2007). Thus, to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated. See Lingad v. Indymac Federal Bank, 682 F.Supp.2d 1142, 1154 (2010).

Further, under California law, recovery for breach of the covenant "is available only in limited circumstances, generally involving a special relationship between the contracting parties." Bionghi v. Metro. Water Dist., 70 Cal. App. 4th 1358, 1370 (1999). California courts have rejected the argument that the doctrine, which traditionally extends only to unique fiduciary-like relationships, should encompass normal commercial banking transactions. Mitsui Mfrs. Bank v. Sup.Ct., 212 Cal. App. 3d 726, 729 (1989).

For this claim, Plaintiff's Complaint (ECF No. 1–2) mostly recites points of law (¶ 26) or makes conclusory allegations (¶¶ 28 and 30, second sentence of ¶ 28(2)). Paulsen, 559 F.3d at 1071 ("[Courts do] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."). The Complaint does assert that Defendant failed to act in good faith by "filing a Motion for in rem Relief from the Automatic Stay in a Bankruptcy case that had already been dismissed," and did so "to drive Plaintiff into foreclosure . . . so that they could acquire the Property outside of the Bankruptcy process." (Id. at ¶¶ 27, 29.) Defendant correctly points out that Plaintiff has failed to identify the express benefit allegedly interfered with, and Defendant contends no part of the parties' contract governs Defendant's duties when requesting relief from an automatic stay. Further, the Court recognizes that parties are granted authority by statute to apply for relief from a bankruptcy stay. See 11 U.S.C. § 362(d). Finally, no "special relationship" has been alleged by Plaintiff, and in fact courts roundly reject such a finding in situations arising "out of a normal commercial transaction, [like a] mortgage loan." See Way v. JP Morgan Chase Bank, N.A, No. 2:16–cv–02244–TLN–KJN, 2018 WL 2117630, *4 (E.D. Cal. May 8, 2018) (citing Carson v. Bank of Am., N.A., No. 2:12–CV–01487–MCE, 2013 WL 394867, at *6 (E.D. Cal. Jan. 30, 2013). In her surreply, Plaintiff cites to Culhane v. Aurora Loan Servs. of Nebraska, 708 F.3d 282 (1st Cir. 2013), and Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919 (2016), for support on her implied covenant claim. These cases are unhelpful to her, however, as they deal with the wholly separate issue of a plaintiff's standing, not any theory a breach of an implied covenant. Defendant does not challenge Plaintiff's standing in this case, but the legal basis and factual sufficiency of her breach of contract claim.

For these reasons, the Court recommends dismissal of her implied covenant claim. Further, while Plaintiff may be able to provide more detail on the terms of her contract with Defendant, the Court has serious doubts as to the existence of any provision barring Defendant from seeking relief from a bankruptcy stay. More importantly, courts in this district have found as a matter of law that no special relationship exists, and so have declined to provide an opportunity to amend on this claim. See Way, 2018 WL 2117630 at *4; Carson, 2013 WL 394867 at *6. Thus, the Court recommends dismissal with prejudice.

1          **IV.     Unjust Enrichment and Injunctive Relief (ECF No. 1–2 at pp. 7, 9.)**

A request for injunctive relief by itself does not state a cause of action, as it is a remedy. Mbaba v. Indymac Federal Bank F.S.B., 2010 WL 424363, at *4 (E.D. Cal. Jan. 27, 2010); see also Edejer v. DHI Mortgage Co., 2009 WL 1684714, at *10 (N.D. Cal. June 12, 2009). A pleading can request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate. Thus, insomuch as Plaintiff is attempting to assert a claim for injunctive relief, the claim is dismissed without leave to amend. See Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) (dismissing claim for injunctive relief in mortgage relief case without leave to amend as improperly pleaded).

As to Plaintiff's assertion of a claim of unjust enrichment, in California, there is no such standalone cause of action; "unjust enrichment" is synonymous with "restitution." Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015). However, these terms "describe the theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" Id. (quoting 55 Cal. Jur. 3d Restitution § 2). Thus, when a plaintiff alleges unjust enrichment, a court may construe the claim as one seeking restitution. See Rutherford Holdings, LLC v. Plaza Del Rey, 223 Cal. App. 4th 221, 231 (2014) ("Unjust enrichment is . . . a general principle underlying various legal doctrines and remedies[—] synonymous with restitution." (cleaned up); see also Astiana, 783 F.3d at 762. To this end, courts have analyzed unjust enrichment claims as those where "restitution may be awarded either (1) in lieu of breach of contract damages, where an asserted contract is found to be unenforceable or ineffective, or (2) where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct, but the plaintiff has chosen not to sue in tort." Oracle Corp. v. SAP AG, 2008 WL 5234260, at *8 (N.D. Cal. Dec. 15, 2008) (citing McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004)). At its core, a complaint must allege "receipt of a benefit and unjust retention of the benefit at the expense of another." Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000). Further, some courts take note of the equitable nature of the claim, stating that a plaintiff must allege "a failure to make restitution under the circumstances where it is equitable to do so." Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779, 793, (2003).

Insomuch as Plaintiff requests the Court to construe her claim as a quasi–contract claim seeking restitution (see ECF No. 8 at p. 3), the claim fails as a matter of law. First, Plaintiff's allegations for this claim are three paragraphs in length: the first reincorporates the prior 29 paragraphs, the second states in a conclusory fashion that Defendant's "wrongful acts and omissions . . . unjustly enriched [it] at the expense of Plaintiff . . . ."; and the third requests an injunction on the sale of the Property. (ECF No. 1–2 at ¶¶ 30–32.) These statements lack cognizable facts plausibly suggesting and entitlement to relief, as required under Iqbal. Levitt, 765 F.3d at 1135. If this were the only issue, amendment would not be futile, for Plaintiff could simply add more details about her claim. However, as the Court has noted, the crux of Plaintiff's unjust enrichment claim concerns Defendant's filing of a request to lift a stay after a dismissal order was entered. As noted by the court in Oracle Corp, 2008 WL 5234260, a standalone action for restitution will only lie in the *absence* of a breach of contract or tort claim (such as fraud). See Wolf v. Wells Fargo Bank, N.A., 2011 WL 4831208, *8 ("Restitution [under an unjust enrichment theory] may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason.") (citing McBride, 123 Cal. App. 4th at 388). The Court has already resolved the sufficiency of the fraud and contract claims in Sections II and III, supra; thus, amendment of this claim appears futile. See Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996) ("Unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties.").

    For these reasons, the Court recommends the claims for injunction and unjust enrichment be dismissed with prejudice.[8]

---

[8] Additionally, the Court has serious doubts about the viability of any restitution claim, given the circumstances surrounding the relief from the stay. The judicially-noticeable documents in this case (ECF Nos. 1–2 and 4–3) indicate that Plaintiff defaulted on her loan years before her and her daughter's three bankruptcy proceedings were initiated. See Melchior, 106 Cal. App. 4th at 793 (these claims require "a failure to make restitution under the circumstances where it is equitable to do so."); see also Ditech Fin., LLC v. Starfire Condo. Owners' Ass'n, 2018 WL 4409370, at *5 (D. Nev. Sept. 17, 2018) (dismissing restitution claim where the plaintiff alleged no facts to show defendants were *unjustly* enriched; "indeed, her allegations paint the picture that they merely hold and service the promissory note that she long ago stopped making mortgage payments on.").

## V. Quiet Title

Plaintiff's seventh cause of action is to quiet title on the Property. (ECF No. 1–2 at ¶¶ 37–40.) However, "A basic requirement of an action to quiet title is an allegation that plaintiffs are the rightful owners of the property, i.e. that they have satisfied their obligations under the deed of trust." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 975–76 (N.D. Cal. 2010) (citing Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (1994) ("[A mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee.")). Plaintiff makes no such allegations in her complaint, and the judicially–noticeable documents indicate she has not met her obligations. (See ECF No. 4–3.) Thus, her claim for quiet title fails under settled California law. Rosenfeld, 732 F. Supp. 2d at 975–76; Miller, 26 Cal. App. 4th at 1707.

Plaintiff, in her opposition brief, appears to agree that she has no stand–alone claim. Instead, she states her claim for quiet title is merely a request for "a remedy to the fraudulent and malicious actions of Defendant" concerning the filing of the request for relief from the stay. As described in Section II, supra, no such claim lies. Thus, the Court recommends dismissal of the quiet title claim with prejudice.

## VI. Accounting

Plaintiff appears to assert a claim for accounting as her ninth cause of action.[9] (See ECF No. 1–2 at pp. 9–10.) An action for an accounting may be brought to compel the defendant to account to the plaintiff for money or property (1) where a fiduciary relationship exists between the parties, or (2) where, even though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. Jolley v. Chase Home Fin., LLC, 213 Cal. App. 4th 872, 910 (2013) (citing 5 Witkin, Cal. Procedure, supra, Pleadings, § 819, p. 236.) "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some

---

[9] The Complaint contains a header for a "Ninth Cause of Action Accounting." However, the paragraphs underneath this section are quite clearly her prayers for relief. However, given Plaintiff's pro se status, Defendant's arguments in their brief for why the claim should be dismissed, and Plaintiff's arguments in her surreply, the Court will address the claim on its merits.

15

balance is due the plaintiff that can only be ascertained by an accounting." Id. (quoting Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009)).

Here, the Complaint makes no reference to a fiduciary relationship between the parties, requiring dismissal. Further, given the lender–borrower relationship of these parties, amendment of this claim would be futile. See Hutchins v. Nationstar Mortg. LLC, 2017 WL 2021363, at *6 (N.D. Cal. May 12, 2017) ("A fiduciary relationship does not ordinarily exist between a lender and a borrower, [and] a lender-borrower relationship is not a unique relationship that would support a demand for an accounting even absent a fiduciary relationship.") (citing Bank of America Corp. v. Superior Court, 198 Cal. App. 4th 862, 870 n.7 (2011) and Jolley, 213 Cal. App. 4th at 910)); see also Brooks v. FCI Lender Servs., Inc., 2017 WL 345527, at *7 (E.D. Cal. Jan. 23, 2017) (no fiduciary relationship alleged, nor any allegations "so complicated they cannot be determined in a legal action for damages."); Rosenfeld, 2014 WL 457920, at *6 (dismissing accounting action with prejudice because the allegations in the complaint "show that plaintiffs owe a sum of money to defendants arising from the mortgage loan secured by the Property.").

## **FINDINGS AND RECOMMENDATIONS, ORDER**

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 4) should be GRANTED;
2. Plaintiff's second through ninth causes of action, as rooted in the allegations concerning Defendant's request for relief from the bankruptcy stay, should be DISMISSED WITH PREJUDICE; and
3. Plaintiff's first cause of action under the Homeowner Bill of Rights should be DISMISSED WITH LEAVE TO AMEND.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and filings until the findings and recommendations are resolved.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: July 24, 2019

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brow.2609