UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., et al.<br><br>        Defendants. | No. 2:19-cv-260-MCE-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS AND ORDER ON DEFENDANT'S SECOND MOTION TO DISMISS AND PLAINTIFF'S INJUNCTION MOTION<br><br>(ECF Nos. 14, 20.) |

    This case concerns a foreclosure by Defendant Wells Fargo Bank of Plaintiff's home.[1] (ECF Nos. 1–2, 13.) In her First Amended Complaint, Plaintiff initially attacked Wells Fargo's conduct in her underlying bankruptcy action. (See ECF No. 1–2.) The Court dismissed these claims with prejudice.[2] (ECF Nos. 10, 12.) However, the Court granted Plaintiff leave to amend

---

[1] Plaintiff represents herself in this action without the assistance of counsel; thus, this case proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] The Court refrains from recounting the details of the prior complaints and motion to dismiss, for the sake of brevity. The parties should refer to ECF No. 10 for a thorough background on the prior dispute. The Court will take judicial notice of such facts as is necessary to resolve the instant motion. See Fed. R. Evid. 201(b); United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may [] consider certain material-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."); see also Gamboa v. Tr. Corps, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the

1

her Homeowners Bill of Rights ("HBOR") claim—that Defendant failed to establish a single point of contact as required by Cal. Civ. Code § 2923.7—because the Complaint failed to allege sufficient facts. (See ECF No. 10 at pp. 6–7.)

Instead, however, Plaintiff submitted a Second Amended Complaint with four new claims, none of which concerned her "single point of contact" claim under the HBOR. (ECF No. 13.) Defendants now move to dismiss all claims in the Second Amended Complaint with prejudice for violating Federal Rule of Civil Procedure 15(a)(2). (ECF No. 14.) Plaintiff opposes, and has moved for a preliminary injunction to stop certain eviction procedures. (ECF Nos. 16, 20.)

### I. Plaintiff has abandoned her original HBOR claim, so leave to amend should be withdrawn.

As an initial matter, the Court notes that Plaintiff was only granted leave to amend her HBOR claim against Wells Fargo concerning the "failure to establish a single point of contact," as alleged in the First Amended Complaint. (ECF No. 1–2.) In the Court's prior findings and recommendations, the undersigned informed Plaintiff that if she wished to amend this claim, she needed to present facts to indicate that she requested a single point of contact and that Wells Fargo's failure to establish the service led to the trustee sale. (ECF No. 10 at p. 7, citing Shupe v. Nationstar Mortgage LLC, 231 F. Supp. 3d 597, 603 (E.D. Cal. 2017), and Jerviss v. Select Portfolio Servicing, Inc., 2015 WL 7572130, *6 (E.D. Cal. Nov. 25, 2015).) Plaintiff's Second Amended Complaint does assert an HBOR claim, but does so under a different section of that statute and with different facts—essentially stating a new claim. (See ECF No. 13.) Thus, Plaintiff has abandoned her original HBOR claim under Cal. Civ. Code § 2923.7, and leave to amend this claim should be withdrawn. See Brannigan v. Baughman, 2017 WL 3913909, at *5 (E.D. Cal. Sept. 7, 2017) ("Although Brannigan raised an ineffective assistance of counsel claim in his initial petition, that claim solely related to counsel's failure to call certain witnesses at trial, which was abandoned in the amended petition."); U.S. v. Sekhon, 2017 WL 6507247, at *5 (E.D. Cal. Dec. 20, 2017) (same result); see also Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir.

public record and are easily verifiable.").

2

2012) ("[W]e will consider [dismissed] claims to be waived if not [repleaded].").

### II. Plaintiff's Second Amended Complaint, asserting four new claims, should be treated as a request to amend—which should be denied.

Instead of complying with the Court's instructions in the first Findings and Recommendations (ECF No. 10) regarding amendment, Plaintiff filed a Second Amended Complaint that asserted four new claims against Wells Fargo. (ECF No. 13.) Given Plaintiff's pro se status, the Court construes her filing as a motion to amend her complaint, reviewable under Federal Rule of Civil Procedure 15(a)(2).

**Legal Standard**

The Federal Rules of Civil Procedure provide that, following a first amended pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). However, leave to amend may be denied when any of the following factors are at play: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether there has been previous amendment. Id.; see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the above factors to be considered when deciding whether to grant leave to amend, and reminding that "the consideration of prejudice to the opposing party . . . carries the greatest weight.").

A plaintiff's proposed amendments are futile if the amended complaint would be subject to dismissal. Californians for Renewable Energy v. California Pub. Utilities Comm'n, 922 F.3d 929, 935 (9th Cir. 2019). "The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Karol v. Med-Trans, 2012 WL 3862148, at *4 (E.D. Cal. Sept. 5, 2012) (citing Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)). Therefore, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleading

that would constitute a valid and sufficient claim." Id.; see also ECF No. 10 at pp. 4–5 (citing the standards for notice pleading under Rule 8, the standards for dismissal under Rule 12(b)(6), interpreting pro se pleadings, and the Ninth Circuit's standards for granting leave to amend).

**Analysis**

For the reasons stated below, the Court finds that Plaintiff's proposed amendments to her pleadings should be denied. The Court has reviewed each of the claims under Rule 12(b)(6) and finds they would be subject to dismissal—thus, futile.

Plaintiff's "Breach of Contract" claim alleges Wells Fargo failed to notify her that she could have "cure[d] the default and avoid[ed] acceleration and foreclosure by accepting a mortgage modification." (ECF No. 13 at ¶ 63.) Plaintiff asserts that Wells Fargo was "required to offer her a mortgage modification but failed to do so." (Id.) Plaintiff has not, however, asserted the contractual language on which she bases her claim, leaving her allegation conclusory at best. Frontier Contracting, Inc. v. Allen Engineering Contractor, Inc., 2012 WL 1601659, at *4 (E.D. Cal. May 7, 2012) ("A written contract may be pleaded either by its terms – set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference – or by its legal effect. In order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms.") (citing McKell v. Washington Mutual, Inc., 142 Cal. App. 4th 1457, 1489 (2006)). In fact, the bulk of Plaintiff's opening allegations (ECF No. 13 at ¶¶ 20–58) concern Wells Fargo's actions in relation to the Home Affordable Modification Program ("HAMP"), which does not provide a remedy under breach of contract. See, e.g., Escobedo v. Countrywide Home Loans, Inc., 2009 WL 4981618, at *3 (S.D. Cal. Dec. 15, 2009) (finding a lack of standing to bring a breach of contract claim related to HAMP because nowhere is it required that the lender institute unilateral modifications); see also, e.g., Villa v. Wells Fargo Bank, N.A., 2010 WL 935680, at *3 (S.D. Cal. Mar. 15, 2010) (finding Escobedo as persuasive because "the HAMP agreement did not require loan servicers to modify eligible loans; thus, the court found borrowers lacked standing to enforce the agreement.").

Plaintiff's Claim II for "Wrongful Foreclosure" would also fail under Rule 12(b)(6). The core of her allegation is, again, that Wells Fargo was required to notify her of her right to modify

before accelerating and foreclosing. However, these conclusory allegations do not support a wrongful foreclosure claim, which requires (1) an illegal, fraudulent, or willfully oppressive sale of the home; (2) harm to the Plaintiff; and (3) full tender (unless excused). See In re Mortg. Elec. Registration Sys., Inc., 754 F.3d 772, 784 (9th Cir. 2014). Plaintiff asserts she was excused from tendering because of Wells Fargo's averred duty to notify her of her options under HAMP. (ECF No. 13 at ¶ 68). However, excuses from California's tender requirement are: (1) the underlying debt is void; (2) the foreclosure sale or trustee's deed is void on its face; (3) a counterclaim offsets the amount due; (4) specific circumstances make it inequitable to enforce the debt against the party challenging the sale; or (5) the foreclosure sale has not yet occurred. Id. (citing Chavez v. Indymac Mortg. Servs., 219 Cal.App.4th 1052 (2013)). As discussed above, Plaintiff has no such guarantee under HAMP, so these tender exceptions do not apply. Further, as explained at length in the Court's first set of Findings and Recommendations (ECF No. 10), the "judicially-noticeable documents indicate [Plaintiff] has not met her [loan] obligations." (See ECF No. 4–3.) Thus, any wrongful foreclosure claim would fail under Rule 12(b)(6).

Finally, Plaintiff asserts similar HAMP claims under California's Homeowner Bill of Rights (ECF No. 13 at ¶¶ 71–76) and Unfair Competition Law, Cal. Bus. Code § 17200 (¶¶ 77–85). These claims fail for a multitude of reasons, the least of which is that Wells Fargo has no duty "to offer Plaintiff the opportunity to cure the default by accepting a mortgage modification" as Plaintiff asserts. (ECF No. 13 at ¶ 73); see, e.g., Mabry v. Superior Court, 185 Cal. App. 4th 208, 223 (2010) ("[HBOR] conspicuously does not require lenders to take any action."). Thus, no remedy is available under Cal. Civ. Code § 2924.17 or Cal. Bus. Code § 17200. Manabat v. Sierra Pac. Mortg. Co., 2010 WL 2574161, at *11 (E.D. Cal. June 25, 2010) ("Congress did not intend to create a private right of action for violation of HAMP against lenders that received HAMP fund."); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (reasserting the requirement that a fraud claim under § 17200 must meet Rule 9(b)'s heightened pleading standards); Akkerman v. Mecta Corp., 152 Cal. App. 4th 1094 (2007) ("Private plaintiffs [have no standing to] file UCL actions unless they have suffered injury in fact and lost money or property due to defendant's conduct.").

For these reasons, allowing Plaintiff to move forward with proposed claims in her "Second Amended Complaint" would be futile because they would fail under Rule12(b)(6). <u>Californians for Renewable Energy</u>, 922 F.3d at 935; <u>Karol</u>, 2012 WL 3862148, at *4.

**RECOMMENDATIONS and ORDER**

For the reasons stated above, IT IS RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 14) should be GRANTED;
2. Plaintiff's Second Amended Complaint should be DISMISSED WITH PREJUDICE;
3. Leave to Amend Plaintiff's HBOR Claim (<u>see</u> ECF No. 10 at pp. 6–7) should be WITHDRAWN;
4. Plaintiff's motion for a preliminary injunction (ECF No. 20) should be DENIED AS MOOT; and
5. This case should be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

In light of these recommendations, IT IS ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the Court will not entertain or respond to any motions and filings until the findings and recommendations are resolved.

Dated: December 19, 2019

brow.2609

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE